|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FRANK COLUCCIO CONSTRUCTION CO., INC.,<br><br>Defendant. | CASE NO. C19-1652 MJP<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

THIS MATTER comes before the Court on Plaintiff's Motion for a Temporary Restraining Order. (Dkt. No. 6.) Having considered the Motion, the Response (Dkt. No. 11), and all related papers, the Court DENIES Plaintiff's Motion.

**Background**

Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") brings suit against Defendant Frank Coluccio Construction Company ("Coluccio") for indemnity, breach of contract, specific performance, and injunctive relief and moves for a TRO to stop Coluccio from

selling its assets without the prior consent of Liberty Mutual. (See Dkt. No. 6; Dkt. No. 1 ("Compl.").)

In January 2015 Coluccio was selected to perform the work on King County's North Creek Interceptor Sewer Improvement Project. (Compl., ¶¶ 3.5-6.) Liberty Mutual issued the performance bond for Coluccio's work on the Project, in the penal sum of $29,933,000 and Liberty Mutual and Coluccio entered into an indemnity agreement. (Id., ¶¶ 3.1-3.3, 3.7, 3.9.) Coluccio proceeded with the Project work but encountered substantial difficulties that Coluccio attributes to King County's project specifications. (Id., ¶ 3.9.)

King County terminated Coluccio on December 21, 2016, alleging Coluccio was in material default. (Id., ¶ 3.11.) The same month, King County filed a complaint against Coluccio for breach of contract and money damages; this suit remains pending in King County Superior Court. (Id., ¶ 3.3.15.) In April 2017, Liberty Mutual elected to take over and complete all remaining work on the Project. (Id., ¶ 3.16.) But King County rejected Liberty Mutual's offer and amended its Superior Court complaint, alleging that Liberty Mutual had violated its bond obligations. (Dkt. No. 6 at 3.)

In early 2017 Coluccio informed Liberty Mutual that it had a net value of $28,000,000.00. (Dkt. No. 6 at 4.) Liberty Mutual claims that since that time, Coluccio has discontinued operations, while selling assets and making distributions to shareholders. (Id.) Liberty Mutual filed a UCC Financing Statement on July 23, 2017 but contends that Coluccio has continued to liquidate assets while failing to inform Liberty Mutual of these sales. (Compl., ¶ 3.17; Dkt. No. 6 at 5.) Coluccio, on the other hand, contends that Liberty Mutual has been receiving regular reports about the asset sales, which were conducted in the ordinary course of

business. (Dkt. No. 11 at 9; Dkt. No. 13, Declaration of Joseph J. Coluccio ("Coluccio Decl"), ¶¶ 3-8, 10.)

On June 5, 2019, Liberty Mutual filed a complaint against Coluccio in King County Superior Court that is markedly similar to the Complaint here. (See Dkt. No. 14, Declaration of Malaika M. Eaton ("Eaton Decl."), Ex. 1.) On October 11, 2019, Liberty Mutual's Superior Court action was "linked" with King County's pending lawsuit against Coluccio and Liberty Mutual. (Id. Ex. 11.) Liberty Mutual voluntarily dismissed its Superior Court complaint on October 14 and filed the present action on October 16, 2019. (Id., Ex. 12; Dkt. No. 1.)

Liberty Mutual now seeks a TRO from this Court preventing Coluccio from selling its assets without the prior consent of Liberty Mutual. (Dkt. No. 6.)

**Discussion**

**I.  Jurisdiction**

As a preliminary matter, Coluccio contends that the Court lacks subject matter jurisdiction because Liberty Mutual's dismissal of the King County Superior Court complaint was "procedurally improper." (Dkt. No. 11 at 13.) But Coluccio cites to no rule that prohibits a plaintiff from dismissing its own claims, nor does Coluccio explain how this Court sits in review of the procedural propriety of Liberty Mutual's actions in Superior Court. (Dkt. No. 11 at 2.) Because the Complaint here sufficiently alleges diversity between Liberty Mutual, a Massachusetts corporation, and Coluccio, a Washington Corporation, and the amount in controversy exceeds $75,000, exclusive of costs and interest, the Court finds it has diversity jurisdiction pursuant to 8 U.S.C. § 1446. (Compl., ¶ 2.1); Kang v. Marathon Funding Servs., Inc., No. C19-0829-JCC, 2019 WL 2952958, at *2 (W.D. Wash. July 9, 2019).

**II.  Temporary Restraining Order**

A plaintiff seeking preliminary relief is required to demonstrate that irreparable injury is likely in the absence of an injunction. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). Liberty Mutual has not done so here.

To begin, Liberty Mutual describes a purely economic injury, which generally "does not support a finding of irreparable harm, because such injury can be remedied by a damage award." Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991); (See Dkt. No. 6 at 11 (Liberty Mutual conceding that the harm alleged here is purely economic).) Therefore, to demonstrate irreparable harm in this case Liberty Mutual "must show a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted." Johnson v. Couturier, 572 F.3d 1067, 1085 (9th Cir. 2009); see also Reebok Int'l, 970 F.2d 552, 559 (9th Cir. 1992). Where courts have granted injunctive relief based on a likelihood of dissipation of assets, there was evidence that the defendants were fraudulently concealing assets. Dargan v. Ingram, No. C08-1714RSL, 2009 WL 1437564, at *3 (W.D. Wash. May 22, 2009) (discussing, among other things, large cash gifts from defendant's brother to his wife, and defendant's lies regarding his income); In re Focus Media Inc., 387 F.3d 1077, 1086 (9th Cir. 2004) (finding "the specter of irreparable harm" in part because of "evidence in the record that in the past [the defendant] made away with [the bankrupt company's] funds"); Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 321 F.3d 878, 881 (9th Cir. 2003) (concluding that the district court did not clearly err in finding a likelihood of dissipation given the defendants' "history of fraudulent intra-family transfers, their refusal to disclose asset information in defiance of court order and their convenient divorce settlement").

1       There is no such evidence in this case.  Liberty Mutual seeks a TRO based on allegations that "Coluccio provided financial information to Liberty Mutual disclosing that the net book value of the company had dropped to under $20,000,000.00," "King County's claim against Liberty Mutual will likely be for the full penal sum of the Bond, $29,933,000.00," and Coluccio continues to liquidate assets "without the knowledge or consent of Liberty Mutual." (Dkt. No. 6 at 4-5.)  Yet Liberty Mutual has submitted only two exhibits: the indemnity agreement and Liberty Mutual's demand letter to Coluccio.  (See Dkt. No. 7, Declaration of R. Jeffrey Olson ("Olson Decl."), Exs. A-B.)  Beyond the disputed allegations that Coluccio has failed to inform Liberty Mutual of asset sales (compare Olson Decl., ¶¶ 12, 17 with Coluccio Decl, ¶¶ 3-8, 10), Liberty Mutual has not demonstrated that Coluccio is "squirreling away" money, as opposed to selling assets in the ordinary course of business in order to pay for its legal costs and expenses in the King County Superior Court action.  Cerner Middle E. Ltd. v. Belbadi Enterprises LLC, No. C16-5706RBL, 2017 WL 5665426, at *2 (W.D. Wash. Mar. 3, 2017) (denying a TRO where "[t]he evidence of asset dissipation is thin, [looking] more like the prudent conduct of the ordinary business of the Vancouver Center").

      Further, any harm here remains speculative.  "To constitute irreparable harm, the injury must be both certain and great; it must be actual and not theoretical."  San Diego Beverage & Kup v U.S., 997 F. Supp. 1343, 1347 (S.D. Cal. 1998) (citation omitted).  "A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir.1988).  Here, Liberty Mutual has not made the requisite showing for any of the key elements of its claim: that Coluccio is siphoning money, the funds are "beyond [Liberty Mutual]'s reach," Cerner, 2017

WL 5665426, at *2, or that Liberty Mutual will likely be liable to King County for the full bond amount (see Dkt. No. 11 at 17-18). Liberty Mutual has therefore failed to demonstrate "an immediate threatened injury" as required for injunctive relief.

**Conclusion**

Because Liberty Mutual has failed to demonstrate irreparable harm, the Court DENIES Liberty Mutual's Motion for a Temporary Restraining Order. (Dkt. No. 6.)

The clerk is ordered to provide copies of this order to all counsel.

Dated November 7, 2019.

Marsha J. Pechman
United States District Judge