# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRANK COLUCCIO CONSTRUCTION CO INC,<br><br>　　　　　Defendant. | CASE NO. C19-1652 MJP<br><br>ORDER ON MOTION FOR STAY |

The above-entitled Court, having received and reviewed:

1. Defendant's Motion to Stay Proceeding (Dkt. No. 17),

2. Plaintiff's Response to Defendant's Motion to Stay Proceeding (Dkt. No. 30),

3. Defendant's Reply in Support of Motion to Stay Proceeding (Dkt. No. 42),

all attached declarations and exhibits, and relevant portions of the record, and finding that oral argument is not necessary, rules as follows:

IT IS ORDERED that the motion is GRANTED; this matter is STAYED until final adjudication of <u>King County v. Frank Coluccio Constr'n Co. and Liberty Mutual Ins. Co.</u> King Co. Sup. Ct. No. 16-2-19398-1 SEA.

**Background**

This is a dispute which arose in the wake of an aborted tunnel construction project which Defendant undertook for King County. For purposes of this motion, it is only necessary to note that a lawsuit was filed by King County against Defendant Frank Coluccio Construction Company ("Coluccio Construction") in December of 2016; an amended complaint added Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") as a defendant in the state action.

In September of 2019, Liberty Mutual sued Coluccio Construction in King County Superior Court, alleging claims for indemnity, breach of contract, specific performance, and injunctive relief. A motion by Coluccio Construction to consolidate that lawsuit with the earlier state action was granted in October of 2019, in response to which Liberty Mutual dismissed its lawsuit in King County Superior Court. Two days later, Liberty Mutual filed the above-entitled federal action. Presently pending in the federal lawsuit (besides the instant motion to stay) is a motion for summary judgment on behalf of Liberty Mutual. Dkt. No. 20.

**Discussion**

The decision to stay proceedings is committed to the discretion of the Court as an ancillary exercise of its power to control its own docket, conserve the resources of the judiciary and the parties, and effect justice. <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936).

> In considering a stay, a district court must weigh the following competing interests: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, 300 F.2d at 268 (citing Landis, 299 U.S. at 254-55).

Jinni Tech Ltd. v. RED.com, Inc., C17-0217JLR, 2018 WL 5312200, at *3 (W.D. Wash. Oct. 26, 2018).

The Court finds that all these factors weigh in favor of a stay of these proceedings pending resolution of the state action. Liberty Mutual acknowledges "the amount of Coluccio's indemnity obligation to Liberty Mutual… will be determined by the King County action." Dkt. No. 30, Response at 10. Given that Liberty Mutual's claim for indemnity cannot be determined independently of the adjudication of its liability to King County, there is no damage to the insurer in putting this case on hold until the question of liability is ultimately resolved in state court. Similarly, the other claims at issue here are either dependent on the outcome in King County or call for a resolution which potentially could conflict with rulings in the related matter – another factor favoring a stay.

The Court further finds that Coluccio Construction could suffer harm unless a stay is entered in this matter. Liberty Mutual seeks specific performance of the "collateral forfeiture" clause of their agreement with Coluccio Construction and a favorable result for Plaintiff here foreshadows a precipitous end to Defendant's business operations, a result which would impact not only the company's employees, but also its ability to mount a defense in the state action. These possibilities are the very definition of "irreparable harm."

The issuance of a stay in this matter would avoid conflicting rulings on identical or related issues in the two forums. Awaiting the final outcome of the state court lawsuit will simplify both the legal issues and matters of proof at the federal level.

**Conclusion**

The absence of harm to Plaintiff, the potential of harm to Defendant, and the conservation of resources for both the Court and the parties all mitigate in favor of the grant of stay of these proceedings. Defendant Coluccio Construction's motion is GRANTED, and this matter is STAYED pending a final adjudication of <u>King County v. Frank Coluccio Constr'n Co. and Liberty Mutual Ins. Co.</u> King Co. Sup. Ct. No. 16-2-19398-1 SEA.

The clerk is ordered to provide copies of this order to all counsel.

Dated: December 19, 2019.

Marsha J. Pechman
United States Senior District Judge